UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACY REAVES,<br><br>   Plaintiff,<br><br> v.<br><br>ATLANTIC COUNTY JUSTICE<br>FACTILTY, et al.,<br><br>   Defendants. | Civ. No. 17-6783 (RBK) (AMD)<br><br>OPINION |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Stacy Reaves, is a prisoner currently confined at the Cape May County Correctional Center in Cape May, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim. Additionally, Plaintiff's motions for the appointment of pro bono counsel will be denied without prejudice.

## II. FACTUAL BACKGROUND

The allegations of this complaint will be construed as true for purposes of this screening opinion. Plaintiff seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Atlantic County Justice Facility ("ACJF"), Warden Geraldine Cohen, Sergeant Bennett, Nurse DuBois, Correctional Health Services ("CHS"), Sergeant Johnson, and Officer Worker. (*See* ECF No. 1 at pp. 5-7). Plaintiff's allegations arise from conduct that occurred while he was incarcerated at the ACJF.

1

Plaintiff alleges that he was housed in the medical unit at the ACJF due to his serious medical conditions, including spina bifida and right eye blindness. (*See* ECF No. 1-2 at p. 7). Plaintiff states that he was removed from the medical unit and placed in general population after another inmate that Plaintiff was not permitted to be housed with underwent treatment in the medical unit. (*See id.*). On June 6, 2017, the other inmate left the ACJF and Plaintiff requested to be transferred back to the medical unit. (*See id.*). Nurse DuBois informed Plaintiff that Sergeant Bennett denied his request to be transferred back to the medical unit. (*See id.*).

While housed in general population, on June 11, 2017, Plaintiff claims that he was the victim of an assault by two racist inmates. (*See id.*). Specifically, Plaintiff alleges that while he was walking to get a food tray, the two inmates called Plaintiff a racist name, pushed him, and knocked him unconscious. (*See id.*). Plaintiff states that it was later determined in a disciplinary hearing that he was the victim of a hate crime. (*See id.*).

Following the incident, Plaintiff states that he wrote to internal affairs about the incident and called the "hot line." (*See* ECF No. 1 at p. 9). Plaintiff alleges that Sergeant Johnson and Officer Worker were assigned to investigate his complaint, but neither officer followed up with him. (*See id.* at pp. 6-7). Additionally, Plaintiff claims that he requested grievance forms on numerous occasions but was never provided with any forms. (*See id.* at pp. 9-10).

Plaintiff alleges that the Defendants acted with deliberate indifference to his health and safety when they transferred him to general population. (*See id.* at pp. 5-7). Plaintiff seeks compensatory and punitive damages in an amount to be determined by the Court. (*See id.* at p. 12). Additionally, Plaintiff has filed two motions seeking the appointment of *pro bono* counsel. (*See* ECF Nos. 3 and 9).

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] court must accept as true all of the allegations contained in a complaint." *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *See id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Courts must liberally construe pleadings that are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (internal citations omitted).

**IV.  DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**A. Claim against Atlantic County Justice Facility**

Plaintiff has named the ACJF as a defendant in his complaint. A jail, however, is not a "person" amenable to suit under § 1983. *See Seagraves v. Treachler*, No. 15-7801, 2016 WL

4

1223300, at *4 (D.N.J. Mar. 29, 2016) (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)); *Parrish v. Ocean Cnty. Jail*, No. 13–2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983). Accordingly, this Court will dismiss with prejudice all claims against the Atlantic County Justice Facility.

### B. Claim against Warden Cohen

Plaintiff alleges that Warden Cohen is liable under a *respondeat superior* theory of liability as she is legally responsible for the operation of the ACJF. (*See* ECF No. 1 at p. 5). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Plaintiff has not alleged any facts indicating that Warden Cohen was personally involved in any alleged violations of Plaintiff's constitutional rights. Additionally, Plaintiff has not alleged any facts demonstrating that Warden Cohen had knowledge of prison employees violating Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to state a viable § 1983 claim against Warden Cohen and such claim will be dismissed without prejudice.

### C. Claims against Sergeant Bennett and Nurse DuBois

Plaintiff contends that Sergeant Bennett and Nurse DuBois were deliberately indifferent to his serious medical need by moving him out of the medical unit and placing him in general population. (*See* ECF No. 1 at pp. 5-6). Plaintiff does not state whether he was a pretrial detainee, protected by the Fourteenth Amendment Due Process Clause, or a convicted and sentenced prisoner protected by the Eighth Amendment proscription against cruel and unusual punishment,

5

at the time of the events in the complaint. Under either standard, however, Plaintiff's complaint fails to state a claim against Sergeant Bennett and Nurse DuBois.

### 1) Deliberate Indifference to a Serious Medical Need

The Fourteenth Amendment to the United States Constitution, Section 1, guarantees that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const, amend. XIV, § 1. The Fourteenth Amendment protects a pretrial detainee from "conditions of confinement, including his health care or lack thereof, that amounted to punishment." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). In the Third Circuit, the analysis of a pretrial detainee's claim of deliberate indifference to a serious medical need is guided by the standard used for deliberate indifference claims by convicted prisoners under the Eighth Amendment. *Id.* Regardless, "[u]nder any standard applicable here, governmental actors' intent must be greater than mere negligence for their alleged misconduct to support a constitutional claim." *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).[1]

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97,

---

[1] The Court notes the recent Supreme Court decision, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which called into question the propriety of applying the Eighth Amendment analysis to a pretrial detainee in an excessive force case. Post-*Kingsley*, many courts have limited its holding only to excessive force claims, and those courts continue to apply the Eighth Amendment analysis in other contexts for pretrial detainees, such as denial of medical services claims. *See Roberts v. C-73 Med. Dir.*, No. 14-5198, 2015 WL 4253796, at *3 (S.D.N.Y. July 13, 2015). Third Circuit decisions seem to suggest that the Eighth Amendment is still the continuing standard for denial of medical care claims in this circuit. *See Miller v. Steele-Smith*, 713 F. App's 74, 76 n.1 (3d Cir. 2017) (" [A] Fourteenth Amendment claim for inadequate medical care is analyzed pursuant to the same standard applied to an Eighth Amendment claim"); *Gerholt v. Orr*, 624 F. App'x 799, 801 n.3 (3d Cir. 2015) ("We have made clear, however, that the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner.") (citation and quotation omitted). As the Third Circuit has not announced a different test for pretrial detainees, this Court applies the Eighth Amendment test to Plaintiff's claims.

103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir.1999). To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Id.* at 837-38. Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cnty.*, 95 F. Supp.2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse*, 182 F.3d at 197. The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. *See Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003); *Lanzaro*, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison

authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *White*, 897 F.2d at 110.

Here, Plaintiff alleges that Sergeant Bennett and Nurse DuBois were deliberately indifferent to his serious medical needs by transferring him out of the medical unit and into general population where the assault occurred. (*See* ECF No. 1 at pp. 5-6). The Court finds that these allegations, as presented, fail to state a claim of denial of medical care. Plaintiff has not alleged that he was denied medical treatment at any time during his placement in general population. Moreover, there is no indication that Defendants intentionally delayed or refused medial treatment for punitive reasons. Accordingly, the Court will dismiss these claims without prejudice.

### 2) Failure to Protect

To the extent Plaintiff's complaint may be construed as asserting Eighth Amendment failure to protect claims against Sergeant Bennett and Nurse DuBois, such claims similarly fail. The Eighth Amendment requires a prison official to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. While a prison official has a duty to protect prisoners from attacks by other prisoners, not every injury suffered by a prisoner at the hands of another translates to constitutional liability for the official responsible for the prisoner's safety. *Id.* at 833-34. An inmate making a failure to protect claim has the burden of proof to establish that a prison official both knew of and chose to disregard an "excessive risk to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The Third Circuit has held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*; *see also Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). Actual knowledge can be proven circumstantially where the general danger

8

was obvious. *See Farmer*, 511 U.S. at 842. Plaintiff's complaint fails to state a failure to protect claim because Plaintiff does not assert any facts showing that Sergeant Bennett or Nurse DuBois knew of and disregarded an excessive risk to Plaintiff's safety. Accordingly, such claims will be dismissed without prejudice.

### D. Claim against Correctional Health Services

Plaintiff asserts a claim against CHS as the employer of Nurse DuBois. (*See* ECF No. 1 at p. 6). There is no *respondeat superior* liability in § 1983 actions against private corporations performing state functions. *See Ashcroft*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates."); *Weigher v. Prison Health Servs.*, 402 F. App'x 668, 670 (3d Cir. 2010) (holding that a private corporation providing medical services at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit). Because Plaintiff relies entirely on CHS's status as Nurse DuBois's employer to establish liability, the complaint is devoid of any factual allegations that CHS violated Plaintiff's rights through its own conduct. Without more, the complaint fails to allege sufficient facts for the Court to infer § 1983 liability upon CHS. As such, Plaintiff's § 1983 claim against CHS is dismissed without prejudice.

### E. Claims against Sergeant Johnson and Officer Worker

Plaintiff further contends that Sergeant Johnson and Officer Worker failed to investigate his complaint to internal affairs regarding the incident. (*See* ECF No. 1 at pp. 6-7). Laxity in investigation, however, does not amount to a violation of an inmate's constitutional rights. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.") (quoting unpublished district court opinion) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989)); *see also Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir.

9

2005) (prisoners do not have a constitutionally protected right to a prison grievance process). Accordingly, Plaintiff's claims against Sergeant Johnson and Officer Worker for "failure to investigate" will be dismissed without prejudice for failure to state a claim.

    **F. Motions for Appointment of Counsel**

Plaintiff has also filed two motions requesting the appointment of pro bono counsel. (*See* ECF Nos. 3 and 9). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Therefore, he has not presented a claim of arguable merit in law at this time. The Court will deny Plaintiff's motions for appointment of counsel without prejudice.

**V.    CONCLUSION**

For the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claim against the Atlantic County Justice Facility with prejudice. Additionally, the Court will dismiss Plaintiff's § 1983 claims against Warden Cohen, Sergeant Bennett, Nurse DuBois, Correctional Health Services, Sergeant Johnson, and Officer Worker without prejudice for failure to state a claim upon which relief may be granted. Further, Plaintiff's motions for the appointment of pro bono counsel are denied without prejudice. An appropriate order follows.


Dated: July 26, 2018

                                            **s/Robert B. Kugler**
                                            ROBERT B. KUGLER
                                            United States District Judge